NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENEVA LANGWORTHY,

Plaintiff-Appellant,

v.

SUPERIOR COURT FOR WHATCOM COUNTY; GEORGE ROCHE, Senior Civil Prosecuting Attorney, Whatcom County; DISTRICT COURT FOR WHATCOM COUNTY; WASHINGTON STATE COURT OF APPEALS, DIVISION I,

Defendants-Appellees.

No.    22-35397

D.C. No. 2:21-cv-01615-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 12, 2023[**]

Before:      CANBY, CALLAHAN, and OWENS, Circuit Judges.

Geneva Langworthy appeals pro se from the district court's judgment

dismissing her action alleging violations of Title II of the Americans with

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Langworthy's claims against the Whatcom County District Court and Superior Court and the Washington Court of Appeals because Langworthy's action constitutes a forbidden "de facto appeal" of prior state court judgments and raises claims that are "inextricably intertwined" with those judgments. *Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court properly dismissed Langworthy's claims against George Roche as barred by absolute prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (explaining when prosecutorial immunity applies).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review

and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion in denying Langworthy's motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review).

**AFFIRMED.**